BRADLEY, Presiding Judge.
This is a termination of parental rights case.
After an ore tenus hearing on March 9, 1987 the Juvenile Court of Madison County terminated the parental rights of Timothy and Janie Ruffner in their four children, Angel, Timothy, Lee, and Joseph. The court awarded permanent custody to the Alabama State Department of Human Resources. The parents appealed this decision, claiming the court abused its discretion in terminating the parental rights based on the inability of the father to care for the needs of the children due to his mental deficiency and mental or emotional illness, and further that the court erred in not considering a less drastic measure than termination. We disagree.
The dispositive issue in this case is whether the trial court had sufficient evidence that was clear and convincing pursuant to section 26-18-7, Code 1975, and that the children were dependents under that statute, and there were no less drastic measures that could better serve the best interests of the children. We find there was sufficient evidence to support the trial court’s findings.
The Madison County Department of Human Resources (Department) began working with the family in September of 1983; however, the record reveals that efforts were made to help the family as early as 1979. The mother and father married in 1978 at the ages of fourteen and sixteen, respectively, at which time the mother was pregnant with the first of her four children. Aid was provided in 1979 after the birth of this child.
In September 1983 the Department received a call from Ambulatory Care Center regarding the health of four-week-old Joseph, the fourth child of the marriage. The Department learned at that time that the child had only minimal weight gain for his three-week checkup and had not been brought for his four-week checkup. An investigation revealed unsuitable conditions in the home, which smelled of urine and was infested with flies. The worker for the Department found Joseph to be listless and unhealthy. He was admitted to the hospital and diagnosed as a “failure to thrive” baby, weighing less than his birth *143 weight. Petition for shelter care custody was granted on October 13, 1983. Additional services were provided to the family to enable better care for the children. At the time, the family lived in a home that had a wood heater and no electricity or running water. Neither parent was employed, although each had brief periods of employment during the course of the marriage. The father now receives an SSID check for his mental disability.
In December 1983 the mother requested the Department take physical custody of the children, claiming she and her husband had been kicked out of their home. A boarding agreement was signed and, upon failure of the parents to find a suitable home (they were living in an automobile), temporary custody was granted to the Department. A plan for parent rehabilitation was formulated and homemaker and mental health counseling was initiated. For a period of time the parents cooperated, but conditions in the home were not stable. Two of the children were provided mental health counseling as well for behavioral problems, and all four children had medical problems at some time during the time the Department was involved. The Department worked with the family until all four children could be placed in the home.
The court gave custody to the parents in June 1985. Further involvement with the family revealed problems in the home and with the oldest child. A visit to the home resulted in a petition for the removal of the children. Upon this visit the Department noted unsuitable living conditions and the children in very bad health, both physically and mentally. All four children had regressed from the improvements made during their foster care period. The youngest child, two years old, had burns on his body from bumping into a wood stove that did not have a protective guard of any type. The mother had never exhibited the necessary nurturing skills, and the father, who had previously exhibited such skills, no longer provided them to the children. The Department contended the parents were no longer able or willing to properly care for their children and asked the court for permanent custody of all four children.
The ore tenus rule applies in parental rights termination cases; therefore, the judgment of the trial court is presumed correct and will not be overturned on appeal unless it is palpably wrong or an abuse of discretion. Matter of Rivera, 444 So.2d 858 (Ala.Civ.App.1983).
The applicable statute provides, in part:
“(a) If the court finds from clear and convincing evidence, competent, material and relevant in nature, that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child, or that the conduct or condition of the parents is such as to render them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parents. In determining whether or not the parents are unwilling to discharge their responsibilities to and for the child, the court shall consider, and in cases of voluntary relinquishment of parental rights may consider, but not be limited to, the following:
[[Image here]]
“(2) Emotional illness, mental illness or mental deficiency of the parent, or excessive use of alcohol or controlled substances, of such duration or nature as to render the parent unable to care for needs of the child;
[[Image here]]
“(6) That reasonable efforts by the department of human resources or licensed public or private child care agencies leading toward the rehabilitation of the parents have failed.”
The parents’ first contention on appeal is that the court abused its discretion in ruling that the father’s mental deficiency rendered him unable to care for the children. We find the court had sufficient evidence of repeated efforts by the Department to provide mental health care to both parents and children. The record further reveals that appropriate psychological tests were performed on the parents showing the IQ of each to be in the 70’s, putting *144 them in a category of borderline intellectual functioning. The father has reportedly developed “learned helplessness,” and both parents display psychological deficits that would impede their ability to care for the physical and emotional needs of the children. Careful review of the record reveals sufficient evidence to support the trial court’s order terminating the parents’ rights in this aspect of the case.
The parents further contend that the court did not consider less drastic measures. The record reveals testimony that the files of at least seven family members were reviewed before asking for termination. These family members were not considered a suitable alternative to termination of parental rights. Rivera, supra. Thus, we do not believe that the court was in error in finding that termination of parental rights was the only available solution to the problem presented to it.
We therefore conclude that there was clear and convincing evidence before the trial court showing that the parents were unable to properly care for their four children. Accordingly, we affirm the trial court’s determination to terminate the parental rights of Timothy and Janie Ruffner.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.